# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUDITH GOLDITCH, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>ALPHABET, INC., GOOGLE, INC., and GOOGLE, LLC.,<br><br>　　　　　　　　　Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

　　　　Plaintiff Judith Golditch ("Plaintiff"), on behalf of herself and all others similarly situated, hereby submits the following Class Action Complaint ("Complaint") against Alphabet Inc., Google, Inc., and Google, LLC ("Defendants") and upon personal knowledge as to her own acts and status, and upon information and belief, the investigation of her counsel, and the facts that are a matter of public record, as to all other matters, alleges as follows:

## NATURE OF THE ACTION AND PLAINTIFF'S CLAIMS

　　　　1.　　Defendants comprise a multinational company that specializes in Internet-related services and products, which include online advertising technologies, search engines, cloud computing, software and hardware products.

　　　　2.　　Defendants advertise, market, and sell various products on the website URL address "google.com" (the "Google Website") in Massachusetts and throughout the United States.

　　　　3.　　At all times relevant the Google Website was owned or controlled by Defendants.

4.     Defendants derive a substantial portion of their revenues from advertising products to consumers and others on the Google Website.

5.     Defendants sometimes refer to the Google Website as "Google Buys" or "Google Shopping."

6.     Defendants realize revenue from the sale of each product advertised on the Google Website.

7.     The greater the number of sales of a product on the Google Website, the greater the revenues and profits realized by Defendants.

8.     The recent pandemic of the potentially fatal Coronavirus has prompted increased interest in so-called "germ killing" products including surface-cleaners.

9.     One such surface-cleaner is a product in various sizes sold under the Pine-Sol brand name (the "Product").

10.    The Product competes directly with numerous other surface-cleaning products.

11.    On March 4, 2020, Plaintiff purchased the Product which was advertised on the Google Website as follows: "Pine-Sol Multi Surface Cleaner – 2 pack, 100 fl oz" ("Plaintiff's Product") on a webpage linked to the Google Website at the following URL:

https://www.google.com/shopping/product/18246641905544109501?q=pine+sol+online+bestellen&prds=epd:6676307831759892082,prmr:3,tpim:COv8z92qgJ-X1QEQhJzGttPYpYcHGLCEjgciA1VTRCjPl-nxBTCxsdYC,pdprs:5&utm_medium=tu_cu&utm_content=eid-lsjeuxoeqt&utm_campaign=5609649&gclid=CjwKCAiA98TxBRBtEiwAVRLqu67JOyL1blX6geGEQdle6XxJLnQcorpZd6UqLE3ZUeFint1v5-YCAxoCGt8QAvD_BwE

12.    At the time of Plaintiff's purchase of Plaintiff's Product, the Google Website depicted the front portion of the Product label which contained a representation in prominent print as follows: ***"Kills 99.9% of Germs."***

13. At the time of Plaintiff's purchase of Plaintiff's Product, the Google Website contained an additional representation in prominent print as follows: *"Kills 99.9% germs at home and work."*

14. Despite the Product label and additional representation (individually and collectively, the "Representation(s)") concerning the killing of 99.9% of germs, there are no reliable studies that support the Representations.

15. On information and belief, the Product does not kill a variety of germs and/or bacteria including certain germs/bacteria that cause a variety of diseases (the "Diseases"), including certain strains of influenza, Ebola, and norovirus.

16. By each Representation, reasonable consumers are led to believe that proper use of the Product will prevent the Diseases and will kill at least 99.9% of all germs that cause all illnesses in human beings.

17. The Representation on the Product label and on the Google Website each is false and misleading as the Product when used as directed does not kill 99.9% of all germs.

18. Each Representation is harmful, deceptive and misleading to consumers and other purchasers because it gives the misleading impression that using the Product will prevent the Diseases and all other human illnesses, including SARS Covid-2, the illness caused by the COVID-19 virus (i.e., the "Coronavirus").

19. Each Representation allows Defendants to unlawfully increase their revenues and profits derived from sales of the Product.

20. Each Representation gives Defendants a competitive edge over many competing products including, by example, competitive products that expressly state that the product is effective in reducing and/or killing only a limited number and/or specified germs.

21. The Defendants' conduct caused Plaintiff and others similarly situated to suffer damages requiring disgorgement and restitution as well entitling them to injunctive relief.

22. The Product is unable to provide the outcomes promised by the Defendants in the Representations.

23. The Defendants' marketing of the Product with the Representations is designed to – and did – to the knowledge of Defendants, deceive, mislead and defraud consumers and others that purchased the Product on the Google Website.

24. The Defendants' false, deceptive and misleading marketing and sale of the Product has enabled Defendants to sell more of the Product than they would have in the absence Defendants' misconduct.

25. The Defendants' false, deceptive and misleading marketing and sale of the Product has enabled Defendants to sell the Product and at higher prices per unit than they would have in the absence Defendants' misconduct.

26. Defendants' misconduct alleged above results in additional revenues to Defendants at the expense of consumers and other purchasers of the Product from the Google Website.

27. The value of the Plaintiff's Product purchased from the Google Website was materially less than its value as represented by the Defendants.

28. Had Plaintiff and class members known the truth, they would not have bought the Product, or would have paid less for it.

29. As a result of each false and misleading Representation, the Product is sold at a premium price compared to other similar products sold in a way that is not misleading.

30. As a result of Defendants' false and deceptive Representations, Plaintiff and the other members of the proposed Class have purchased a product that has not been proven to perform

as advertised. This action seeks to obtain redress for purchasers the Product from the Google Website, and to enjoin Defendants' deceptive and unlawful advertising as well as to obtain other equitable relief. Plaintiff brings this lawsuit against Defendants on behalf of herself and all other similarly situated who purchased the Product in the United States from the Google Website.

## JURISDICTION AND VENUE

31. This Court has jurisdiction over the subject matter presented by this Complaint under 28 U.S.C. § 1332(d)(2)(A) because it is a class action arising under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), which explicitly provides for the original jurisdiction of the Federal Courts of any class action in which any member of the Class is a citizen of a State different from any Defendant, there are more than 100 members and in which the matter in controversy exceeds in the aggregate sum of $5,000,000.00, exclusive of interest and costs.

32. The total claims of individual Class members in this action are in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs, as required by 28 U.S.C. §§ 1332(d)(2) and (6).

33. Plaintiff is a citizen and resident of the Commonwealth of Massachusetts, whereas Defendants are citizens of Delaware and/or Florida for purposes of CAFA and relevant diversity requirements.

34. This Court has personal jurisdiction over the Defendants because Defendants conduct business in Massachusetts through the Google Website, and sell products to consumers and others in Massachusetts via the Google Website.

35. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims herein occurred in this District and because Plaintiff resides in this District.

## PARTIES

36. Plaintiff Judith Golditch is a resident of the Commonwealth of Massachusetts, and was exposed to Defendants' deceptive and misleading statements (i.e., the Representation) in Massachusetts through purchase of the Product on the Google Website.  Had Plaintiff known the truth concerning the Representation, she would not have purchased the Product.

37. Defendant Alphabet, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1600 Amphitheatre Parkway Mountain View, CA 94043.

38. Defendant Google, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1600 Amphitheatre Parkway Mountain View, CA 94043.

39. Defendant Google, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 1600 Amphitheatre Parkway Mountain View, CA 94043.

40. At all times herein, Defendants' respective agents, employees, representatives, and owners, were acting within the course and scope of such agency, employment, and representation, on behalf of Defendants.

## CLASS ACTION ALLEGATIONS

41. Plaintiff sues under Rule 23(a), (b)(2) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of herself and a Class defined as follows:

all persons in the United States who purchased the Product during the period from June 16, 2017 until notice is disseminated to the Class. Excluded from the Class are Defendants and their respective affiliates, and the officers, directors, and employees of Defendants and Defendants' affiliates.[1]

42. This case is also brought on behalf of a subclass of the Class consisting of all persons who purchased the Product in the Commonwealth of Massachusetts from the Google Website, during the period from June 16, 2017 until notice is disseminated to the Class (the "Massachusetts Class").

43. The definition of the Class is unambiguous.

44. Plaintiff is a member of the Class she seeks to represent.

45. Class Members can be notified of the class action through contact information and/or address lists maintained in the usual course of Defendants' business.

46. Class Members are so numerous and geographically dispersed that the individual joinder of all Class Members is impracticable. The precise number of Class members is unknown to Plaintiff but may be ascertained from Defendants' records. Class Members may be notified of the pendency of this action by recognized, Court approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

47. Additionally, common questions of law and fact predominate over the questions affecting only individual Class Members. Some of the common legal and factual questions include:

    a    Whether Defendants had adequate substantiation for each Representation prior to making it;

    b    Whether each Representation is true, or is misleading, or reasonably likely to deceive;

---

[1] Plaintiff reserves the right to modify or amend the Class definition, as appropriate, during this litigation.

    c      Whether the Defendants' alleged misconduct constitutes violations of the laws asserted herein;

    d      Whether Defendants are engaged in unfair and/or deceptive advertising with respect to the Product;

    e      Whether Defendants have been unjustly enriched;

    f      Whether Plaintiff and members of the Class have been injured by Defendants' conduct; and

    g      Whether Plaintiff and the Class are entitled to relief, and the amount and nature of such relief.

48. The injuries sustained by the Class Members flow, in each instance, from a common nucleus of operative facts—Defendants' misconduct. In each case Defendants have market the Product in an unfair and deceptive manner.

49. Plaintiff's claims are typical of the claims of the other Class Members because Plaintiff, like all Class Members, bought the Product and was actually deceived.

50. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is familiar with the basic facts that form the bases of the Class Members' claims. Plaintiff's interests do not conflict with the interests of the other Class Members she seeks to represent. Plaintiff has retained counsel competent and experienced in class action litigation and intends to prosecute this action vigorously. Plaintiff and Plaintiff's counsel will fairly and adequately protect the interests of the Class Members.

51. The class action device is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and the Class Members. The relief sought per individual members of the Class is small given the burden and expense of individual prosecution of the

potentially extensive litigation necessitated by the conduct of Defendants. It would be virtually impossible for the Class Members to seek redress individually. Even if the Class Members themselves could afford such individual litigation, the court system could not.

52. Individual litigation of the legal and factual issues raised by the conduct of Defendants would increase delay and expense to all parties and to the court system. The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale, and comprehensive supervision by a single court. Given the similar nature of the Class Members' claims and the absence of material differences in the state statutes and common laws upon which the Class Members' claims are based, a nationwide Class will be easily managed by the Court and the parties.

53. Defendants have acted or refused to act on grounds generally applicable to Plaintiff and the Class Members, making appropriate final injunctive relief and declaratory relief regarding Plaintiff and the Class.

## FIRST CLAIM

**(For Violations of Untrue and Misleading Advertising under Mass. Gen. Laws c. 266, § 91)**

54. Plaintiff incorporates the above allegations by reference as if set forth herein in full.

55. Defendants' marketing, advertising, and promotion and sale of the Product on the Google Website is untrue, deceptive, and/or misleading, in violation of Mass. Gen. Laws c. 266, § 91.

56. At all times relevant to this action, Defendants knew, or could have, upon reasonable investigation, ascertained that the labeling, marketing, advertising, promotion and sale of the Product on the Google Website was untrue, deceptive, and/or misleading.

57. Defendants' untrue, deceptive, and/or misleading marketing, advertising, promotion and sale of the Product on the Google Website has continued throughout the Class Period and is continuing as of the present date.

58. As a purchaser of the Product who was damaged by Defendants' untrue, deceptive and/or misleading advertising (in that Plaintiff and the other Class members purchased a product that did not conform to the representations made about the Product by Defendants), Plaintiff is entitled to and does bring this class action to seek all available remedies under Mass. Gen. Laws c. 266, § 91, including injunctive relief.  The injunctive relief would include an order directing Defendants at least to cease their false and misleading advertising, and publish corrective advertising.

## SECOND CLAIM

### (Unjust Enrichment)

59. Plaintiff incorporates the above allegations by reference as if set forth herein in full.

60. Defendants sold the Product on the Google Website based on its advertised ability to kill 99.9% of all germs, as further described above.  However, the Product does not have such capabilities, as further described above.

61. By purchasing the Product from the Google Website, Plaintiff and the Class have conferred a significant monetary benefit on Defendants, which benefit is known and has been appreciated by Defendants.

62. Retention by Defendants of the benefit conferred by Plaintiff and the Class would, under the circumstances, be inequitable.

63. Plaintiff, on behalf of herself and the Class, seeks restitution or, in the alternative, imposition of a constructive trust on the funds inequitably received and retained by Defendants from the sale of the Product made by Defendants on the Google Website.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the members of the Class, prays for judgment against Defendants as follows:

A. An Order certifying this case as a class action and appointing Plaintiff and her counsel to represent the Class;

B. An Order awarding restitution and disgorgement of Defendants' revenues from sale of the Product on the Google Website to Plaintiff and each member of the Class;

C. An Order awarding equitable relief, including: enjoining Defendants from continuing the unlawful false advertising practices as set forth herein, directing Defendants to engage in a corrective advertising campaign, directing Defendants to identify, with Court supervision, victims of their conduct and pay them restitution, and disgorgement of all monies acquired by Defendants by means of any act or practice declared by this Court to be wrongful;

D. An Order awarding the greater of actual damages (including double or treble damages) or statutory damages, as allowable by law;

E. An Order awarding attorneys' fees and costs to Plaintiff and the other member of the Class; and

F. Such other and further relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial of her claims by jury to the extent authorized by law.

Dated:   June 16, 2020    Respectfully submitted,

/s/ Edward L. Manchur
Edward L. Manchur (BBO #316910)
P.O. Box 3156
Peabody, MA 01960
Phone: (978) 333-1013
manchurlaw@gmail.com

***Counsel for Plaintiff Judith Golditch***